

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMEO LUCAS MORALES GONZALES,<br><br>Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden, Imperial Regional Detention Facility, et al.,<br><br>Respondents. | Case No.: 26-cv-1854-RSH-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On March 24, 2026, petitioner Romeo Lucas Morales Gonzales, a citizen of Guatemala, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner alleges that he arrived in the United States in 2021 as a minor, and was apprehended by border officials and designated as an Unaccompanied Alien Child. *Id.* ¶ 2. He was transferred to the custody of the Office of Refugee Resettlement, a component of the U.S. Department of Health and Human Services ("HHS"); and months later, was released to the care of his older brother. *Id.* In August 2023, Petitioner applied for asylum. *Id.* ¶ 59. On July 15, 2025, Petitioner was arrested and taken into immigration custody, where he has been held without a bond hearing. *Id.* ¶¶ 60-61.

//

1

Petitioner alleges that his redetention violates the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), which provides in relevant part that for an unaccompanied alien child in the custody of HHS, if such a minor "reaches 18 years of age and is transferred to the custody of the Secretary of Homeland Security, the Secretary shall consider placement in the least restrictive setting available after taking into account the alien's danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(B). The statute further provides, "[s]uch aliens shall be eligible to participate in alternative to detention programs, utilizing a continuum of alternatives based on the alien's need for supervision, which may include placement of the alien with an individual or an organizational sponsor, or in a supervised group home." *Id.* Petitioner argues that no such consideration was given in his case, but instead that he was treated as being subject to mandatory detention and denied a bond hearing. Petitioner argues that his rearrest was therefore unlawful, and that he is entitled to release on the same terms that were applicable to him prior to his rearrest. ECF No. 1 ¶ 68. Petitioner argues in the alternative that even if the Court disagrees with his interpretation of the TVPRA, Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* ¶ 70.

On April 6, 2026, Respondents filed a return. ECF No. 4. Respondents maintain that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), but concede that the Court should order that Petitioner receive a bond hearing where the government bears the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. *Id.* at 2. The return does not dispute Petitioner's factual allegations, and does not address his argument that his redetention is unlawful under the TVPRA, or his request for immediate release. On the record here, the Court construes Petitioner's TVPRA claim as unopposed.

//

//

//

//

2

Accordingly, the Petition is **GRANTED**. Within *one (1) business day* of the date of this order, Respondents shall release petitioner Romeo Lucas Morales Gonzales from immigration custody, subject to the conditions of release previously applicable to him, and such other conditions of release as may be lawful and appropriate.[1]

**IT IS SO ORDERED**.

Dated: April 7, 2026

_____
Hon. Robert S. Huie
United States District Judge

---

[1]    To the extent Petitioner seeks to recover his attorneys' fees, he must do so by way of a noticed motion that complies with the Civil Local Rules of this Court as well as the undersigned's Pretrial Civil Procedures.

26-cv-1854-RSH-VET